■ DANIEL COVINO, Respondent, v. E. J. KORVETTE, INC., Appellant.— In an action to recover damages for personal injuries, defendant appeals from a judgment of the Supreme Court, Westchester County, entered March 28, 1972, in plaintiff's favor, upon a jury verdict. Judgment affirmed, with costs. No opinion. Hopkins, Acting P. J., Gulotta, Christ and Brennan, JJ., concur; Latham, J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum: Plaintiff alleged that his injuries resulted from stepping on a metal bolt left on the walkway within defendant's premises by its workmen who were assembling redwood furniture several feet away. The testimony indicated that plaintiff had an advanced diabetic condition and there was a conflict among the medical experts as to whether or not the gangrene and eventual amputation of part of plaintiff's right foot were caused by the stepping on the bolt or whether the gangrene had naturally developed as a result of the decreased circulation in the foot as a result of the diabetic condition. In the light of the above, the trial court was obliged to set forth precisely the conflicting claims and testimony and carefully instruct the jury that, in order to place liability on defendant, plaintiff had to establish that

the act of defendant caused the accident and that the accident aggravated the underlying condition and caused the eventual amputation. The court was further obligated to instruct the jury that if they found that the amputation was the result of the underlying condition and not causally related to the act of defendant, there could be no recovery (see *Green* v. *Downs*, 27 N Y 2d 205). It is my opinion that since the issue was a close one and the court's charge did not clearly set forth the position of the parties and the legal issues involved, a new trial must be had.